United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER LOWE, | No. 09-05654 CW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| EBL&S PROPERTY MANAGEMENT, INC., | |
| Defendant. | |

Plaintiff Heather Lowe charges Defendant EBL&S Property Management, Inc. with unlawful termination due to her pregnancy and sexual orientation. Plaintiff has filed a motion for partial judgment on the pleadings attacking some of Defendant's affirmative defenses. Defendant opposes the motion. After considering all of the parties' papers, the Court denies Plaintiff's motion.

BACKGROUND

The following facts are taken from Plaintiff's First Amended Complaint (1AC), which contains one and one-half pages of terse factual allegations, and the exhibits attached thereto. At some point in 2009, Plaintiff informed Defendant that she was pregnant. Plaintiff claims generally that Defendant was "not supportive of [her] in this unique time of her life" and instead "caused it to be a period of stress, anxiety, fear and hopelessness." 1AC ¶ 22.

1  Defendant fired Plaintiff on July 31, 2009.  Plaintiff alleges that
2  Defendant promised to provide her with health insurance benefits
3  after her termination, but failed to do so.  Id. ¶ 27.  Plaintiff
4  also alleges that she was improperly classified as a non-exempt
5  employee and that she was not paid for overtime or provided meal
6  breaks as required by the California Labor Code.  Plaintiff also
7  asserts that Defendant failed to provide accurate pay stubs and all
8  wages due upon her termination.
9      Plaintiff sued Defendant, asserting fifteen claims for relief:
10 (1) "Breach of Fiduciary Duty under ERISA," (2) "Violation of ERISA
11 section 502(a)(3)," (3) "Violation of COBRA and ARRA,"
12 (4) "Declaratory Relief," (5) "Failure to Pay Wages in Violation of
13 California Labor Code §§ 201 and 203," (6) "Violation of Labor Code
14 § 204," (7) "Unlawful, Unfair and Fraudulent Business Practices in
15 Violation of B&P Code §§ 17200 and 17203," (8) "Violation of Labor
16 Code § 210," (9) "Violation of Labor Code § 206," (10) "Breach of
17 Written Contract," (11) "Violation of Labor Code 227.3 -- Accrued
18 Vacation Wages," (12) "Failure to Provide an Itemized Wage
19 Statement in Violation of Labor Code § 226," (13) "Gender
20 Discrimination in Violation of the Pregnancy Discrimination Act of
21 Title VII of the Civil Rights Act of 1964," (14) "Violation of the
22 Fair Employment and Housing Act (FEHA)" and (15) "Tortious
23 Discharge in Violation of Public Policy."  Defendant answered the
24 complaint and asserted twenty affirmative defenses.  Plaintiff
25 seeks judgment on the pleadings on Defendant's second through
26 eighth, eleventh through thirteenth, fifteenth through twentieth
27 and twenty-second affirmative defenses.
28

DISCUSSION

Defendant first argues that, because a party can only seek a "complete" judgment on the pleadings and not a "partial" judgment on the pleadings, the Court should treat Plaintiff's motion as a motion to strike under Federal Rule of Civil Procedure 12(f) rather than a motion for partial judgment on the pleadings under Rule 12(c). Defendant further argues that the Court should deny Plaintiff's motion because, as a motion to strike, it is not timely. Fed. R. Civ. P. 12(f) (motion to strike must be made "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."). Defendant's argument is not persuasive. "Although Rule 12(c) does not expressly authorize 'partial' judgments, neither does it bar them, and it is common practice to apply Rule 12(c) to individual causes of action." Moran v. Peralta Community College Dist., 825 F. Supp. 891 (N.D. Cal. 1993); see also Strigliabotti v. Franklin Resources, Inc., 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005); Curry v. Baca, 497 F. Supp. 2d 1128, 1130 (C.D. Cal. 2007); William W Schwarzer, A. Wallace Tashima & James M. Wagstaff, Federal Civil Procedure Before Trial § 9:340 (The Rutter Group 2010). Plaintiff's motion is properly before the Court because more than twenty-one days has passed since Defendant filed its answer. A motion to strike at this juncture would be inappropriate.

Rule 12(c) provides, "After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that

3

no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990). When an answer raises issues of fact or an affirmative defense, which if proved, would defeat recovery, a plaintiff is not entitled to judgment on the pleadings. General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989) (citing 5C Wright & A. Miller, Federal Practice and Procedure § 1368 (2009).

A defendant need only "state in short and plain terms" its defenses. Fed. R. Civ. P. 8(b); see also Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). A court should strike defenses only if they are clearly insufficient. See William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984); accord Lunsford v. United States, 570 F.2d 221, 229-30 (8th Cir. 1977) (court should deny motion to dismiss a defense as insufficient as a matter of law if complete development of the factual record might avoid the need to decide an unresolved question of law); Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962) (court should grant motion to strike only if the pleading has no possible relation to the controversy).

Defendant has adequately stated its defenses, many of which are apparently plead in an abundance of caution. While some of the

4

affirmative defenses are not applicable to some of the causes of action, and others may not be applicable at all, the Court trusts that Defendant will not pursue them if it does not discover evidence to support them.

Accordingly, Plaintiff's motion for judgment on the pleadings as is denied.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion. Docket No. 13. The Court notes that Defendant withdraws the phrase "Business & Professions Code Section 17208" from its second affirmative defense, the word "including" from its eleventh affirmative defense regarding non-jury trials for ERISA claims and its fifteenth affirmative defense regarding unauthorized unlawful conduct. Defendant need not file an amended answer. The parties shall attend the case management conference scheduled for June 3, 2010 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 06/01/10

CLAUDIA WILKEN
United States District Judge