MARK S. POSARD  (SBN:  208790)
mposard@gordonrees.com
BECKI D. GRAHAM  (SBN:  238010)
bgraham@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendant
EBL&S PROPERTY MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| HEATHER LOWE,<br><br>              Plaintiff,<br><br>    vs.<br><br>EBL&S PROPERTY MANAGEMENT, INC. and<br>DOES 1 THROUGH 20,<br><br>              Defendant. | CASE NO.  CV 09 5654 CW<br><br>**STIPULATED PROTECTIVE ORDER** |

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to

1    file material under seal.

2        2.      DEFINITIONS

3             2.1      Challenging Party:  a Party or Non-Party that challenges the designation of

4    information or items under this Order.

5             2.2      "CONFIDENTIAL" Information or Items:  information (regardless of how

6    it is generated, stored or maintained) or tangible things that qualify for protection under Federal

7    Rule of Civil Procedure 26(c).

8             2.3      Counsel (without qualifier):  Outside Counsel of Record and House

9    Counsel (as well as their support staff).

10            2.4      Designating Party:  a Party or Non-Party that designates information or

11   items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

12            2.5      Disclosure or Discovery Material:  all items or information, regardless of

13   the medium or manner in which it is generated, stored, or maintained (including, among other

14   things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

15   or responses to discovery in this matter.

16            2.6      Expert:  a person with specialized knowledge or experience in a matter

17   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

18   witness or as a consultant in this action.

19            2.7      House Counsel:  attorneys who are employees of a party to this action.

20   House Counsel does not include Outside Counsel of Record or any other outside counsel.

21            2.8      Non-Party:  any natural person, partnership, corporation, association, or

22   other legal entity not named as a Party to this action.

23            2.9      Outside Counsel of Record:  attorneys who are not employees of a party to

24   this action but are retained to represent or advise a party to this action and have appeared in this

25   action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

26   that party.

27            2.10    Party:  any party to this action, including all of its officers, directors,

28   employees, consultants, retained experts, and Outside Counsel of Record (and their support

1    staffs).

2    2.11    Producing Party:  a Party or Non-Party that produces Disclosure or

3    Discovery Material in this action.

4    2.12    Professional Vendors:  persons or entities that provide litigation support

5    services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

6    organizing, storing, or retrieving data in any form or medium) and their employees and

7    subcontractors.

8    2.13    Protected Material:  any Disclosure or Discovery Material that is

9    designated as "CONFIDENTIAL."

10    2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material

11    from a Producing Party.

12    3.    SCOPE

13    The protections conferred by this Stipulation and Order cover not only Protected

14    Material (as defined above), but also (1) any information copied or extracted from Protected

15    Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

16    testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

17    Material.  However, the protections conferred by this Stipulation and Order do not cover the

18    following information:  (a) any information that is in the public domain at the time of disclosure

19    to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving

20    Party as a result of publication not involving a violation of this Order, including becoming part

21    of the public record through trial or otherwise; and (b) any information known to the Receiving

22    Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source

23    who obtained the information lawfully and under no obligation of confidentiality to the

24    Designating Party.  Any use of Protected Material at trial shall be governed by a separate

25    agreement or order.

26    4.    DURATION

27    Even after final disposition of this litigation, the confidentiality obligations

28    imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

1   or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1)

2   dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

3   judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials,

4   or reviews of this action, including the time limits for filing any motions or applications for

5   extension of time pursuant to applicable law.

6        5.    DESIGNATING PROTECTED MATERIAL

7            5.1    Exercise of Restraint and Care in Designating Material for Protection.

8   Each Party or Non-Party that designates information or items for protection under this Order

9   must take care to limit any such designation to specific material that qualifies under the

10  appropriate standards.  The Designating Party must designate for protection only those parts of

11  material, documents, items, or oral or written communications that qualify – so that other

12  portions of the material, documents, items, or communications for which protection is not

13  warranted are not swept unjustifiably within the ambit of this Order.

14            Mass, indiscriminate, or routinized designations are prohibited.  Designations that

15  are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

16  unnecessarily encumber or retard the case development process or to impose unnecessary

17  expenses and burdens on other parties) expose the Designating Party to sanctions.

18            If it comes to a Designating Party's attention that information or items that it

19  designated for protection do not qualify for protection, that Designating Party must promptly

20  notify all other Parties that it is withdrawing the mistaken designation.

21            5.2    Manner and Timing of Designations.  Except as otherwise provided in this

22  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

23  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

24  designated before the material is disclosed or produced.

25            Designation in conformity with this Order requires:

26            (a)    for information in documentary form (e.g., paper or electronic documents,

27  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

28  Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only

-4-

1  a portion or portions of the material on a page qualifies for protection, the Producing Party also

2  must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

3  margins).

4      A Party or Non-Party that makes original documents or materials available for

5  inspection need not designate them for protection until after the inspecting Party has indicated

6  which material it would like copied and produced.  During the inspection and before the

7  designation, all of the material made available for inspection shall be deemed

8  "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and

9  produced, the Producing Party must determine which documents, or portions thereof, qualify for

10  protection under this Order.  Then, before producing the specified documents, the Producing

11  Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If

12  only a portion or portions of the material on a page qualifies for protection, the Producing Party

13  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

14  margins).

15      (b)    for testimony given in deposition or in other pretrial or trial proceedings,

16  that the Designating Party identify on the record, before the close of the deposition, hearing, or

17  other proceeding, all protected testimony.

18      (c)    for information produced in some form other than documentary and for

19  any other tangible items, that the Producing Party affix in a prominent place on the exterior of

20  the container or containers in which the information or item is stored the legend

21  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

22  the Producing Party, to the extent practicable, shall identify the protected portion(s).

23      5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

24  failure to designate qualified information or items does not, standing alone, waive the

25  Designating Party's right to secure protection under this Order for such material.  Upon timely

26  correction of a designation, the Receiving Party must make reasonable efforts to assure that the

27  material is treated in accordance with the provisions of this Order.

28  ///

1    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

2        6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

3 designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

4 confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

5 economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

6 right to challenge a confidentiality designation by electing not to mount a challenge promptly

7 after the original designation is disclosed.

8        6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

9 resolution process by providing written notice of each designation it is challenging and

10 describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been

11 made, the written notice must recite that the challenge to confidentiality is being made in

12 accordance with this specific paragraph of the Protective Order.  The parties shall attempt to

13 resolve each challenge in good faith and must begin the process by conferring directly (in voice

14 to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of

15 service of notice.  In conferring, the Challenging Party must explain the basis for its belief that

16 the confidentiality designation was not proper and must give the Designating Party an

17 opportunity to review the designated material, to reconsider the circumstances, and, if no change

18 in designation is offered, to explain the basis for the chosen designation.  A Challenging Party

19 may proceed to the next stage of the challenge process only if it has engaged in this meet and

20 confer process first or establishes that the Designating Party is unwilling to participate in the

21 meet and confer process in a timely manner.

22        6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without

23 court intervention, the Designating Party shall file and serve a motion to retain confidentiality

24 under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21

25 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

26 confer process will not resolve their dispute, whichever is earlier.  Each such motion must be

27 accompanied by a competent declaration affirming that the movant has complied with the meet

28 and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party

1    to make such a motion including the required declaration within 21 days (or 14 days, if

2    applicable) shall automatically waive the confidentiality designation for each challenged

3    designation.  In addition, the Challenging Party may file a motion challenging a confidentiality

4    designation at any time if there is good cause for doing so, including a challenge to the

5    designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to

6    this provision must be accompanied by a competent declaration affirming that the movant has

7    complied with the meet and confer requirements imposed by the preceding paragraph.

8              The burden of persuasion in any such challenge proceeding shall be on the

9    Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass

10   or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

11   to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing

12   to file a motion to retain confidentiality as described above, all parties shall continue to afford

13   the material in question the level of protection to which it is entitled under the Producing Party's

14   designation until the court rules on the challenge.

15        7.    ACCESS TO AND USE OF PROTECTED MATERIAL

16             7.1    Basic Principles.  A Receiving Party may use Protected Material that is

17   disclosed or produced by another Party or by a Non-Party in connection with this case only for

18   prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

19   disclosed only to the categories of persons and under the conditions described in this Order.

20   When the litigation has been terminated, a Receiving Party must comply with the provisions of

21   section 13 below (FINAL DISPOSITION).

22             Protected Material must be stored and maintained by a Receiving Party at a

23   location and in a secure manner that ensures that access is limited to the persons authorized

24   under this Order.

25             7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

26   otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

27   Party may disclose any information or item designated "CONFIDENTIAL" only to:

28   ///

1        (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

2  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

3  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

4  Bound" that is attached hereto as Exhibit A;

5        (b)     the officers, directors, and employees (including House Counsel) of the

6  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

7  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8        (c)     Experts (as defined in this Order) of the Receiving Party to whom

9  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

10  and Agreement to Be Bound" (Exhibit A);

11        (d)     the court and its personnel;

12        (e)     court reporters and their staff, professional jury or trial consultants, mock

13  jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation

14  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15        (f)     during their depositions, witnesses in the action to whom disclosure is

16  reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that

17  reveal Protected Material must be separately bound by the court reporter and may not be

18  disclosed to anyone except as permitted under this Stipulated Protective Order.

19        (g)     the author or recipient of a document containing the information or a

20  custodian or other person who otherwise possessed or knew the information.

21     8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
            OTHER LITIGATION

22

23        If a Party is served with a subpoena or a court order issued in other litigation that

24  compels disclosure of any information or items designated in this action as "CONFIDENTIAL,"

25  that Party must:

26  ///

27  ///

28  ///

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

///

///

1              1.     promptly notify in writing the Requesting Party and the Non-Party

2 that some or all of the information requested is subject to a confidentiality agreement with a

3 Non-Party;

4              2.     promptly provide the Non-Party with a copy of the Stipulated

5 Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

6 description of the information requested; and

7              3.     make the information requested available for inspection by the

8 Non-Party.

9        (c)     If the Non-Party fails to object or seek a protective order from this court

10 within 14 days of receiving the notice and accompanying information, the Receiving Party may

11 produce the Non-Party's confidential information responsive to the discovery request.  If the

12 Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

13 in its possession or control that is subject to the confidentiality agreement with the Non-Party

14 before a determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall

15 bear the burden and expense of seeking protection in this court of its Protected Material.

16       10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

17        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

18 Protected Material to any person or in any circumstance not authorized under this Stipulated

19 Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

20 Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of

21 the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

22 made of all the terms of this Order, and (d) request such person or persons to execute the

23 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

24

25

26

27

28

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1    11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>
2    <u>PROTECTED MATERIAL</u>

3         When a Producing Party gives notice to Receiving Parties that certain

4    inadvertently produced material is subject to a claim of privilege or other protection, the

5    obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

6    26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in

7    an e-discovery order that provides for production without prior privilege review.  Pursuant to

8    Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect

9    of disclosure of a communication or information covered by the attorney-client privilege or work

10   product protection, the parties may incorporate their agreement in the stipulated protective order

11   submitted to the court.

12   12.    <u>MISCELLANEOUS</u>

13        12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

14   person to seek its modification by the court in the future.

15        12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

16   Protective Order no Party waives any right it otherwise would have to object to disclosing or

17   producing any information or item on any ground not addressed in this Stipulated Protective

18   Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

19   the material covered by this Protective Order.

20        12.3    <u>Filing Protected Material</u>.  Without written permission from the

21   Designating Party or a court order secured after appropriate notice to all interested persons, a

22   Party may not file in the public record in this action any Protected Material.  A Party that seeks

23   to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected

24   Material may only be filed under seal pursuant to a court order authorizing the sealing of the

25   specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue

26   only upon a request establishing that the Protected Material at issue is privileged, protectable as a

27   trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to

28   file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court,

1    then the Receiving Party may file the information in the public record pursuant to Civil Local

2    Rule 79-5(e) unless otherwise instructed by the court.

3         13.    <u>FINAL DISPOSITION</u>.  Within 60 days after the final disposition of this action,

4    as defined in paragraph 4, each Receiving Party must return all Protected Material to the

5    Producing Party or destroy such material.  As used in this subdivision, "all Protected Material"

6    includes all copies, abstracts, compilations, summaries, and any other format reproducing or

7    capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,

8    the Receiving Party must submit a written certification to the Producing Party (and, if not the

9    same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

10   category, where appropriate) all the Protected Material that was returned or destroyed and (2)

11   affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

12   or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this

13   provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

14   deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

15   exhibits, expert reports, attorney work product, and consultant and expert work product, even if

16   such materials contain Protected Material.  Any such archival copies that contain or constitute

17   Protected Material remain subject to this Protective Order as set forth in Section 4

18   (DURATION).

19

20   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

21   DATED: _____8/6/10_____         _____

22                                        Cary S. Klotter
                                         Attorneys for Plaintiff

23   DATED: _____8/6/2010_____         _____

24                                        Mark S. Posard
                                         Becki D. Graham
25                                       Attorneys for Defendant

26
     PURSUANT TO STIPULATION, IT IS SO ORDERED.
27
     DATED: _____8/12/2010_____      _____
28                                       United States District/Magistrate Judge

-12-

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Northern District of California on _____ in the case

of <u>Lowe v. EBL&S Property Management, Inc.</u>, No. C 09-05654 CW.  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                    [signature]